ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST ADDRESSING THE FOLLOWING QUESTION:
 IS 37 O.S. 537(H) (1990) UNCONSTITUTIONAL AS APPLIED TO PERSONS WHO OPERATE A CAFE, RESTAURANT, CLUB OR ANY PLACE OF RECREATION, AND WHO ARE LICENSED BY THE OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION (ABLE) TO SELL OR SERVE ALCOHOLIC BEVERAGES?
SINCE THIS QUESTION INVOLVES THE ENFORCEMENT OF MATTERS WHICH ARE PRESENTLY PENDING BEFORE YOUR AGENCY AND SINCE THE QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES, CASE LAW AND PREVIOUS ATTORNEY GENERAL OPINIONS, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 37 O.S. 537(H) (1990) STATES: "NO PERSON OPERATING A CAFE, RESTAURANT, CLUB OR ANY PLACE OF RECREATION SHALL PERMIT ANY PERSON TO BE DRUNK OR INTOXICATED IN SAID PLACE OF BUSINESS. YOUR QUESTION ASKS WHETHER THE ABLE COMMISSION MAY ENFORCE THIS PROVISION UNDER THE INTOXICATING LIQUOR STATUTES IN EFFECT SINCE 1989, IN LIGHT OF PRIOR CASE LAW WHICH DETERMINED THAT THIS PROVISION WAS UNCONSTITUTIONAL UNDER THE 1971 INTOXICATING LIQUOR STATUTES."
THE OKLAHOMA CONSTITUTION, ARTICLE V, SECTION 57 STATES IN PERTINENT PART: "EVERY ACT OF THE LEGISLATURE SHALL EMBRACE BUT ONE SUBJECT, WHICH SHALL BE CLEARLY EXPRESSED IN ITS TITLE. . . ." IN 1973, THE OKLAHOMA COURT OF CRIMINAL APPEALS IN WILLIAMS V. STATE, 508 P.2D 1087 (OKL.CR.1973), STRUCK DOWN 37 O.S. 537(H) OF TITLE 37, AS UNCONSTITUTIONAL, HOLDING THAT THE BILL IN WHICH IT WAS ENACTED, VIOLATED OKLAHOMA CONSTITUTION, ARTICLE V, SECTION 57. THE COURT OF CRIMINAL APPEALS BASED ITS HOLDING ON TWO INTERRELATED BUT DISTINCT BASES. WILLIAMS, 508 P.2D AT 1089.
FIRST, THE OKLAHOMA COURT OF CRIMINAL APPEALS DETERMINED THAT THE STATUTE SOUGHT TO PROSCRIBE CONDUCT IN PLACES MENTIONED REGARDLESS OF WHETHER THE REFERENCED PLACE TRADED IN ALCOHOLIC BEVERAGES, WHILE THE TITLE TO THE ACT WAS LIMITED TO THOSE WHICH WOULD DEAL IN OR WITH ALCOHOLIC BEVERAGES. THIS TYPE OF LIMITATION WAS NOT CONTEMPLATED IN THE TITLE OF THE ACT.
SECOND, THE TITLE TO THE ACT AFFECTED THOSE PERSONS WHO WOULD DIRECTLY DEAL IN, OR WITH, ALCOHOLIC BEVERAGES AND THE PROVISION AT ISSUE PROSCRIBED CONDUCT FOR OPERATORS OF CERTAIN PUBLIC PLACES WHO ARE CONFRONTED WITH PEOPLE WHO ARE INTOXICATED. THE COURT OF CRIMINAL APPEALS FOUND THAT THIS CLASS OF OPERATORS WAS NOT FAIRLY INCLUDABLE IN THE ACT, AS DELINEATED BY ITS TITLE. WILLIAMS, 508 P.2D 1089.
SINCE THE WILLIAMS DECISION, THE LEGISLATURE ENACTED NEW STATUTES GOVERNING INTOXICATING BEVERAGES. THE STATUTORY SECTION WHICH YOU QUESTION, 37 O.S. 537 WAS AMENDED IN 1985 AND MOST RECENTLY AMENDED IN 1989. THE TITLE TO S.B. NO. 108, CHAPTER 6, O.S.L. 1989, READS IN PERTINENT PART:
 "AN ACT RELATING TO INTOXICATING LIQUORS; . . . PROHIBITING CERTAIN PERSONS IN CERTAIN AREAS;. . . ."
THE PURPOSE OF ARTICLE V, SECTION 57 IS TO PREVENT THE LEGISLATURE FROM INCLUDING TWO OR MORE UNCONNECTED SUBJECTS IN ONE ACT AND THE INCLUSION OF PROVISIONS NOT INDICATED BY THE TITLE SO THAT THOSE INTERESTED MAY NOT BE MISLED OR MISINFORMED AS TO THE CONTENTS OF THE STATUTE. CONTINENTAL OIL CO.. V. STATE BD. OF EQUALIZATION, 494 P.2D 645 (OKLA. 1972); JONES V. STATE, 542 P.2D 1316 (OKL.CR.1975).
OKLAHOMA LAW GOVERNING THE INTERPRETATION OF ARTICLE V, SECTION 57 STATES THAT THE TITLE OF AN ACT NEED NOT BE AN ABSTRACT OF THE STATUTE'S CONTENT IF IT EXPRESSES THE PURPOSE AND OBJECT OF THE ACT IN GENERAL TERMS. TAFF V. CITY OF MUSKOGEE, 782 P.2D 155 (OKLA. APP. 1989). FURTHERMORE, THE TERM "SUBJECT", AS USED IN THE SECTION, IS TO BE GIVEN A BROAD AND EXTENSIVE MEANING WHICH ENABLES THE LEGISLATURE TO INCLUDE, IN AN ACT, ALL MATTERS HAVING A LOGICAL OR NATURAL CONNECTION TO THE GENERAL SUBJECT, THOUGH NOT MENTIONED SPECIFICALLY IN THE TITLE. PIERCE V. WESTERN CASUALTY SURETY COMPANY, 666 P.2D 1313 (OKLA. APP. 1983). FURTHERMORE, THE DETAILS PROVIDING FOR THE ACCOMPLISHMENT OF THE PURPOSE (OF THE ACT) WILL BE REGARDED AS NECESSARY INCIDENTS. IN RE POWELL, 120 P. 1022 (OKL.CR.1912); A.G. OPINION NO. 79-197.
WITHIN THE TITLE TO THIS ACT, IT GENERALLY STATES, "AN ACT RELATING TO INTOXICATING LIQUORS", AND SPECIFICALLY STATE, PROHIBITING CERTAIN PERSONS IN CERTAIN AREAS. THE TEXT OF THE ACT IN QUESTION PROHIBITS ANY PERSON OPERATING A CAFE, RESTAURANT, CLUB OR ANY PLACE OF RECREATION FROM PERMITTING AN INTOXICATED OR DRUNK PERSON FROM BEING IN SAID PLACE OF BUSINESS. IT IS THE OPINION OF THIS WRITER, THAT PROHIBITING INTOXICATED OR DRUNK PERSONS FROM BEING IN A CAFE, RESTAURANT, CLUB OR ANY PLACE OF RECREATION HAS A LOGICAL AND NATURAL CONNECTION TO THE GENERAL SUBJECT EXPRESSED IN THE TITLE OF THE ACT. FURTHERMORE, WHILE THIS ISSUE WAS NOT RAISED IN BRIAANCE V. VELVET DOVE RESTAURANT, 725 P.2D 300 (OKLA. 1986), WE CANNOT IGNORE THE FACT THAT THE OKLAHOMA SUPREME COURT RELIED ON AND REFERENCED 537, AS THE CORNERSTONE OF THAT OPINION. IT IS DOUBTFUL THAT THE OKLAHOMA SUPREME COURT WOULD NOW STRIKE DOWN THAT STATUTE BASED ON A BILL TITLE DEFECT. THIS IS ALSO TRUE IN THE RECENT CASE OF OHIO CASUALTY INSURANCE CO. V. PHIL TODD. ET AL. NO. 72,490 (OKLA., JUNE 11, 1991). THEREFORE, ENFORCEMENT OF THIS PROVISION BY YOUR AGENCY IS PROPER.
(DIANE L. SLAYTON)